UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CAPITAL ONE TELEPHONE CONSUMER
PROTECTION ACT LITIGATION  MDL No. 2416


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, common defendant Capital One Bank (USA), N.A. (Capital One) moves to centralize this litigation in the Northern District of Illinois. The litigation encompasses the 31 actions listed on Schedule A.[1]

Leading Edge Recovery Solutions, LLC, which is a defendant in the Northern District of Illinois *Martin* action, supports centralization in the Northern District of Illinois. All responding plaintiffs (plaintiffs in 30 of the 31 actions), however, oppose centralization. If the Panel nevertheless orders centralization, plaintiffs in seven actions support selection of the Western District of Washington as the transferee district, while plaintiffs in the twenty so-called "Trustee Cases" – all of which are pending in the Middle District of Florida – support centralization in that district.

The subject actions share factual issues regarding Capital One's policies and procedures for calling, or directing its agents to call, consumers, as well as Capital One's policies and procedures for obtaining and recording a consumer's consent to receive collection calls on his or her cell phone. In opposing centralization, responding plaintiffs argue, *inter alia*, that the actions involve primarily case-specific issues, contending that each plaintiff was subjected to different collection activity, including different frequencies of collection telephone calls, different statements made during those calls, and other different circumstances surrounding those calls. Although we agree that these actions do present a number of individualized factual issues, the existence of such issues does not negate the common ones, including, in particular, those concerning whether Capital One willfully violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.[2] Once discovery and other pretrial proceedings related to those common issues have been completed, the transferee judge may conclude that issues unique to one or more of the centralized actions counsel in favor of returning those actions to their transferor courts. *See In re: Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] As filed, the Section 1407 motion encompassed two additional actions, one in the Southern District of Florida and one in the Middle District of Georgia. Both actions, however, have since been dismissed. The Panel has been notified of seven related federal actions. Those actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

[2] The TCPA authorizes an award of actual damages, or $500, per violation, whichever is greater. 47 U.S.C. § 227(b)(3). These amounts are trebled for willful violations. *Id*.

(J.P.M.L. 1977) ("It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate."). In that event, we encourage him to suggest remand promptly, in accordance with Panel Rule 10.1(b). *See In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010).

On the basis of the papers filed and hearing session held, we find that these 31 actions involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. As stated above, these actions share factual issues regarding Capital One's policies and procedures with respect to the placement of collection calls, as well as its policies and procedures for obtaining and recording a consumer's consent to receive such calls. *See In re: Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011) ("[C]entralization will promote efficient conduct of the litigation by preventing duplicative discovery into Portfolio's policies and practices as to its calling procedures."). Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (on class certification[3] and other matters), and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Northern District of Illinois is an appropriate transferee district for pretrial proceedings in this litigation. Two of the constituent actions are pending in that district, including one commenced in August 2011. In addition, the subject actions (both constituent and potential tag-along) are scattered throughout the country, and the Northern District of Illinois offers a relatively central and convenient forum for the involved parties and counsel. Finally, the Honorable James F. Holderman, Jr., to whom we assign this MDL, is a veteran transferee judge who has the experience to guide this litigation on a course that is both prudent and expeditious.

---

[3] Three of the constituent actions are putative class actions (two nationwide and one Illinois-wide).

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois, and, with the consent of that court, assigned to the Honorable James F. Holderman, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| W. Royal Furgeson, Jr. | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | |

IN RE: CAPITAL ONE TELEPHONE CONSUMER
PROTECTION ACT LITIGATION                                                      MDL No. 2416


# SCHEDULE A

Middle District of Florida

Lindy Libert v. Capital One Bank (USA), N.A., C.A. No. 3:12-00526
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:11-00752
Beth Ann Scharrer v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00053
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00074
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00077
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00241
Stephen L. Meininger v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00301
V. John Brook v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00352
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00480
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00592
Larry S. Hyman v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00683
V. John Brook v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00705
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00744
V. John Brook v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00745
Stephen L. Meininger v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00766
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00795
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00800
V. John Brook v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00847
Stephen L. Meininger v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00857
Angela W. Esposito v. Capital One Bank (USA), N.A., Bky. Adv. No. 8:12-00859
Stephen L. Meininger v. Capital One Bank (USA), N.A., C.A. No. 8:12-00641
Desiree McShane v. Capital One Services, LLC, C.A. No. 8:12-01273

Northern District of Illinois

Nicholas Martin, et al. v. Leading Edge Recovery Solutions, LLC, C.A. No. 1:11-05886
Charles C. Patterson v. Capital Management Services, L.P., C.A. No. 1:12-01061

Northern District of Indiana

Benjamin Wilkes v. Capital One National Association, C.A. No. 4:12-00047

Northern District of Iowa

Dean Schauf, et al. v. Capital One Bank (USA), N.A., C.A. No. 2:12-01006

- A2 -

**MDL No. 2416 Schedule A (Continued)**

<u>Southern District of Iowa</u>

Jill Angela Coy v. Capital One Bank (USA), N.A., C.A. No. 4:12-00123

<u>District of Minnesota</u>

Marklyn Tyrone Johnson v. Capital One Bank (USA), N.A., C.A. No. 0:12-00584

<u>Southern District of New York</u>

Carrie Tate v. Capital One, N.A., C.A. No. 1:12-06361

<u>Middle District of Pennsylvania</u>

Jessica Vadella v. Capital One Bank (USA), N.A., et al., C.A. No. 3:12-00851

<u>Western District of Washington</u>

Bridgett Amadeck, et al. v. Capital One Financial Corporation, et al., C.A. No. 2:12-00244